CHIESA v. CONOVER et al.[1]

(District Court, S. D. Alabama.    March 29, 1889.)

SHIPPING—BREACH OF CHARTER-PARTY—PERSONAL LIABILITY OF MASTER.
    The master in charge at time of seizure cannot be made liable *in personam* for breach of the charter made by his predecessor, even though he has, without consideration, promised to execute it.

In Admiralty.    On exceptions to libel by defendant A. Conover.
*Pillans, Torrey & Hanaw*, for exceptions.
*G. L. & H. T. Smith*, for libelants.

TOULMIN, J.    As I understand it, the libel in this case is to recover damages for an alleged breach of a charter-party made by the master of the bark Augustine Kobbe for the owners thereof.    The libel alleges that the charter-party was not performed by the master under the instructions of the owners.    It appears from the libel that the master who executed the charter-party is not a party defendant, but that A. Conover, who subsequently became master, is a party defendant, and it is sought to make him liable jointly with the owners for the alleged damages.    The only connection he seems to have had with the charter-party, so far as the allegations of the libel show, is that he promised the libelant to perform the charter-party.    He cannot be made liable for a breach of the charter-party made by the former master, for he was not a party to it; and, if it is sought to make him liable for a breach of his subsequent promise as for a breach of a verbal charter-party, it seems to me it must be done in a separate suit.    If A. Conover cannot be made liable for the breach of the charter-party made by the former master, and this suit is to recover damages for such breach, then the libel makes no case against A. Conover, and the exceptions by him that the libel shows no cause of action against him is well taken, and should be sustained.    If the effort is to make him liable for a breach of his verbal promise, then no recovery can be had against him in this suit, because there is no consideration shown for such promise.    But, as I have said, I understand from the allegations of the libel that its purpose is to recover damages for a breach of the original charter-party, to which contract A. Conover was not a party, and hence cannotbe made liable on it.    The exceptions to the libel are sustained.

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.